James P. Keenley (State Bar No. 253106)
Brian H. Kim (State Bar No.  215492)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| Elise DRAGU | Case No.: |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| Motion Picture Industry Health Plan for Active Participants. | |
| Defendant. | |

## INTRODUCTION

1. On August 20, 2012 Plaintiff Elise Dragu suffered severe traumatic injuries after falling into a rocky creek while hiking.  Plaintiff required numerous medical services as a result of her injuries, including oral reconstruction. This case challenges Defendant Motion Picture Industry Health Plan for Active Participants' (the "Plan") denial of benefits due under the terms of the Plan for care related to Plaintiff's need for oral reconstruction.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief

pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the ERISA-governed plan at issue was administered in part in this District and can be found in this District.

**INTRADISTRICT ASSIGNMENT**

4. This case should be assigned to the San Francisco / Oakland Division because Defendant may be found within this division.

**PARTIES**

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. At all relevant times, Defendant Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

**FACTS**

7. At all relevant times the Plan offered, among other things, health benefits to Plan participants, including Plaintiff.

8. On August 20, 2012 Plaintiff suffered traumatic injuries as a result of a fall sustained while hiking.

9. Plaintiff's injuries included, but were not limited to, shattered teeth, ripped gums, a broken jaw, and a severe laceration to her chin.

10. Plaintiff's oral injuries required extensive reconstruction services, including, but not limited to the installation of dental implants to replace Plaintiff's shattered teeth.

11. Plaintiff attempted to have the dental implants and the procedures to install the implants preauthorized by the Plan, and was informed by Plan personnel that preauthorization

was a "mere formality" and "imminent."

12. Despite the Plan personnel's representations, the preauthorization was repeatedly delayed. Plaintiff elected to undergo the surgery because the delay was a source of significant pain and discomfort, Plaintiff was unable to eat or speak normally without the implants, and she was experiencing ongoing, progressive, and irreversible bone and gum loss without the implants.

13. After Plaintiff underwent multiple surgical procedures to install the implants, first to remove the broken teeth from her mouth and then to install the implants, Plan personnel denied Plaintiff's claim for benefits.

14. Plaintiff submitted a timely appeal of the Plan's denial of her claim.

15. The Plan denied Plaintiff's appeal by letter dated March 25, 2014.

16. As a result of the Plan's denial of her claim, Plaintiff has incurred substantial out of pocket expenses to pay for medical treatment that is fully covered under the terms of the Plan.

17. As a direct and proximate result of the Plan's actions, Plaintiff has suffered other economic losses, including having to incur attorneys fees to obtain the benefits provided by the Plan.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against All Defendants]**

18. Plaintiff incorporates Paragraphs 1 through 17 as though fully set forth herein.

19. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

20. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff was entitled to health care benefits from the Plan for medical services necessitated by her injuries, including but not limited to for her oral reconstruction needs.

21. By denying Plaintiff's claim for benefits, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder. Defendant's refusal to pay Plaintiff benefits violates the terms of the Plan, and

Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant failed and refused to honor the terms of the Plan.

22. As a proximate result of Defendant's actions, Plaintiff has been deprived of health care benefits to which she was and is entitled and has suffered damages as set forth above. Plaintiff further seeks a declaration as to her entitlement to future health care benefits, as follows: an injunction prohibiting Defendant from again denying coverage for any medical services related to Plaintiff's oral reconstruction.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant reimburse Plaintiff for her out-of-pocket expenses incurred to pay for covered medical services, with reasonable pre-judgment interest thereon;

C. Declare Plaintiff's right to receive future medical benefits under the terms of the Plan;

D. Issue an injunction requiring Defendant to approve future claims for benefits based on Plaintiff's need for oral reconstruction following her traumatic injuries;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

F. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: September 22, 2014           BOLT KEENLEY KIM LLP

By: /s/
James P. Keenley
Attorneys for Plaintiff

CASE NO.                    4                          COMPLAINT