WILLIAM A. SOKOL, Bar No. 072740
EZEKIEL D. CARDER, Bar No. 206537
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bsokol@unioncounsel.net
            ecarder@unioncounsel.net
            kzinnen@unioncounsel.net

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE DRAGU,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN FOR ACTIVE PARTICIPANTS,<br><br>　　　　　　　Defendant. | No. 3:14-cv-04268 RS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>(Fed. R. Civ. P. 12(b)(6))<br><br>Date: February 19, 2015<br>Time: 1:30 p.m.<br>Courtroom: 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

## I.　　NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on February 19, 2015, at 1:30 p.m. or as soon thereafter as may be heard, in Courtroom 3, 17th Floor, in the above-captioned Court, Defendant Motion Picture Industry Health Plan for Active Participants ("Plan" or "Defendant") will move, and hereby does move, for an order pursuant to Rule 12 of the Federal Rules of Civil Procedure dismissing this action in its entirety.

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Complaint filed by Plaintiff Elise Dragu ("Dragu" or "Plaintiff") fails to state a claim upon which

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

relief can be granted. Defendant respectfully requests that this Court enter an Order dismissing the action in its entirety without leave to amend.

This motion is based on this notice of motion and the memorandum of points and authorities included herein, the supporting declaration of Gregory Mason, the documents in the Court's file, and other evidence as may be presented at the hearing of this matter.

## II.   MEMORANDUM OF POINTS & AUTHORITIES

Defendant hereby moves to dismiss this action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted against the Plan. The pleadings fail to specifically allege Defendant's wrongdoing and fail to specify any Plan provision that would entitle Plaintiff to benefits beyond what the Plan already provided. Even if Plaintiff were to amend the Complaint to specify individual Plan provisions, the Plan has already paid and Plaintiff has accepted the maximum benefits allowable under the Plan for the claims submitted. The Trustees of the Plan have a fiduciary duty under ERISA to administer the Plan in accordance with the Plan documents. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). Plaintiff's Complaint asks the Court to impose relief that would violate the terms of the Plan and violate the Trustees' fiduciary duties under ERISA. As such, Defendant respectfully requests that this action be dismissed in its entirety without leave to amend.

### A.   STATEMENT OF FACTS

The Plan is an employee benefit plan existing for the purpose of providing health and welfare benefits to eligible participants and their spouses and dependents.  The Plan is subject to the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (Complaint ¶ 6.) Plaintiff Elise Dragu is the spouse of a participant in the Plan and therefore eligible for certain benefits in accordance with the terms of the Plan.[1]

---

[1] The Complaint alleges that Dragu was a participant in the Plan as defined by ERISA § 3(7), 29 U.S.C. § 1002(7). (Complaint ¶ 5.) Technically, Dragu is the spouse of a participant in the Plan, which makes her a beneficiary in the Plan as defined by ERISA §3(8), 29 U.S.C. § 1002(8). This distinction is not legally significant for purposes of Dragu's claim for benefits.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

On August 20, 2012, Plaintiff suffered injuries as a result of a fall while hiking. (Complaint ¶ 8.) Plaintiff's injuries included shattered teeth, ripped gums, a broken jaw, and a severe laceration to the chin. (Complaint ¶ 9.) Plaintiff's Complaint does not allege that the Plan failed to cover medical benefits for ripped gums, a broken jaw, or a severe laceration to the chin. (See, Complaint.) Plaintiff's Complaint challenges the Plan's denial of benefits under the terms of the Plan solely for benefits related to Plaintiff's oral reconstruction. (Complaint ¶ 1.) Some background information is helpful to understand Plaintiff's claims.

The Plan provided health benefits to Plaintiff, like all other participants and beneficiaries in the Plan, in accordance with the terms of the Plan set forth in the Plan's governing documents. (Complaint ¶¶ 1, 20.) The governing document of the Plan is called the Plan's Summary Plan Description ("SPD"). (Declaration of Gregory Mason ("Mason Decl.") ¶ 4; SPD, Ex. A to Mason Decl.)[2]

On October 31, 2013, the Plan received a Preauthorization Request from Dragu's provider requesting preauthorization for oral restorative work, i.e., placement of implants. (Mason Decl. ¶ 5.) The Plan's Medical Review Department reviewed the Preauthorization Request in accordance with the Plan's Preauthorization procedures set forth in the Plan. (Mason Decl. ¶ 6; SPD, Ex. A to Mason Decl. at p. 65.) On November 12, 2013, the Plan responded to the provider, with a copy to Dragu, that the Preauthorization Request had been denied because the requested dental services were not covered under the Plan. (Mason Decl. ¶ 6.)

---

[2] The Complaint references the "the terms of the Plan" ten times. (Complaint ¶¶ 1, 16, 19-21; Prayer ¶ A, C.) Plaintiff acknowledges that "the terms of the Plan" are "set forth in the governing Plan instruments" (Complaint ¶ 20), but does not attach the Plan document, also known as the SPD, to the Complaint. Because the SPD is referred to in the Complaint but not attached, Defendant may properly submit the SPD in support of its Rule 12(b)(6) motion to show that it does not support Plaintiff's claim. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002).) The Court may incorporate the SPD by reference into the Complaint for purposes of deciding the motion to dismiss. *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1159-1160 (9th Cir. 2012). It is proper for the Court to consider the SPD in this case because the Complaint explicitly refers to the Plan document and Plaintiff's claim will be decided solely on the terms of the Plan contained therein. *United States v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011). Further, the Court may incorporate the SPD by reference without converting Defendant's Rule 12(b)(6) motion into a motion for summary judgment. *Knievel v. ESPN,* 393 F.3d 1068, 1076-1077 (9th Cir. 2005).

3
NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

The Plan provides the following terms with respect to dental implants and prosthetic rehabilitation of dental implants, including abutments and crowns:

> Dental implants may be covered in cases of trauma, ablative surgery or congenital abnormalities. Prosthetic rehabilitation of dental implants including abutments and crowns are not covered under the medical benefit.

(Mason Decl. ¶ 7; SPD, Ex. A to Mason Decl. at p. 57.)[3]

On January 17, 2014, Dragu submitted an appeal of the benefit denial to the Plan's Benefits/Appeals Committee in accordance with the Plan's Claims Appeals Procedures set forth in the Plan. (Complaint ¶ 14; Mason Decl. ¶ 8; SPD, Ex. A to Mason Decl. at pp. 66-68.)

On January 27, 2014, the Plan adjusted Dragu's claim to approve coverage for the dental implants in accordance with the terms of the Plan. (Mason Decl. ¶ 9.) On February 5, 2014, the claim for dental implants was paid to the provider at 50% of the allowable amount, which is the maximum benefit provided under the Plan for an Out-of-Network Provider. (Mason Decl. ¶ 10; SPD, Ex. A to Mason Decl. at pp. 32-34.)

On March 25, 2014, the Benefits/Appeals Committee reviewed Dragu's appeal. (Complaint ¶ 15.) Although the Plan covered the dental implants, the Benefits/Appeals Committee denied the appeal for coverage of prosthetic rehabilitation of dental implants including abutments and crowns, because those benefits are explicitly excluded from the Plan. (Mason Decl. ¶ 11; SPD, Ex. A to Mason Decl. at p. 57.)  To date, all of Ms. Dragu's claims have been paid in accordance with the terms of the Plan and the Dental Plan.

**B.     ARGUMENT**

Plaintiff's Complaint should be dismissed because it fails to state a claim for which relief may be granted.

---

[3] The Dental Plan does not cover implants. (SPD, Ex. A to Mason Decl. at p. 104.) The Dental Plan did provide dental benefits related to Plaintiff's injuries, but the Complaint does not allege any dispute with respect to those benefits.

4

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

### 1. The Standards for Determining a Rule 12(b)(6) Motion.

Dismissal is proper under Rule 12(b)(6) where there is a total "lack of a cognizable legal theory" or there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's factual allegations must add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); see also *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### 2. Plaintiff's complaint fails to specifically allege Defendant's wrongdoing.

Plaintiff's complaint does not meet the standards established by Rule 12(b) because it fails to specifically allege Defendant's wrongdoing. In attempting to assert a claim for ERISA violations, Plaintiff alleged that "under the terms of the Plan as set forth in the governing plan instruments, Plaintiff was entitled to health care benefits from the Plan for medical services necessitated by her injuries, including but not limited to for her oral reconstruction needs." (Complaint ¶ 21.) Plaintiff's Complaint fails to identify any specific Plan provision within the Plan's 149 pages that would entitle Plaintiff to benefits for oral reconstruction. (See, SPD, Ex. A to Mason Decl.) The Complaint merely states a legal conclusion without any supporting facts.

Plaintiff then alleged that "Defendant's refusal to pay benefits violates the terms of the Plan, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion." (Complaint ¶ 22.) Again, Plaintiff alleges that Defendant "violated the terms of the Plan" without identifying any terms within the Plan's 149 pages that were allegedly violated. (See, SPD, Ex. A to Mason Decl.) Furthermore, the Complaint provided no factual basis for its legal conclusion that the denial of benefits was "wrongful and an abuse of

5

NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

discretion" under *Firestone Tire & Rubber v. Bruch,* 489 U.S. 101, 111-112 (1989) and *Met. Life Ins. Co. v. Glenn,* 554 U.S. 105 (2008).

While Plaintiff may disagree that crowns and abutments should have been covered under the medical plan, crowns and abutments are explicitly excluded. Disagreement alone is not sufficient to establish that Plaintiff was wrongfully denied health benefits or that the denial was an abuse of discretion. As such, Plaintiff has failed to provide Defendant with fair notice of the claim and the grounds upon which such complaint rests, *Twombly,* 550 U.S. at 550, and the Complaint must be dismissed.

**3.     Even if Plaintiff amended the Complaint, she would be unable to state a claim upon which relief could be granted because Defendant's actions were consistent with the Plan.**

As discussed above, the Complaint fails to provide Defendant with fair notice of the specific Plan provisions that were allegedly violated. Even if Plaintiff were given leave to amend the Complaint to specify the allegedly violated Plan provisions, she would be unable to state a claim upon which relief could be granted because her benefits were paid in accordance with the Plan.

There is no dispute regarding health benefits the Plan paid for Plaintiff's injuries that included ripped gums, a broken jaw, or a severe laceration to the chin. (Complaint ¶ 9.) The Plan paid Plaintiff's claim for dental implants to the provider at 50% of the allowable amount. (Mason Decl. ¶ 10.) The Plan provides that the Plaintiff is responsible for a 50% coinsurance when treated by an Out-of-Network Provider. (*Id.*; SPD, Ex. A to Mason Decl. at pp. 32-34.) While Plaintiff may disagree with what the coinsurance should be for an Out-of-Network provider, any specific reference to the Plan document would only support the Plan's position.

The Plan denied Plaintiff's claims for crowns and abutments. (Mason Decl. ¶ 11.) Defendant can only assume, although it is unclear from the pleadings, that this denial forms the basis of the Complaint. Crowns and abutments are explicitly excluded from the Plan. (SPD, Ex. A to Mason Decl. at p. 57 ("Prosthetic rehabilitation of dental implants including abutments and crowns are not covered under the medical benefit.")) As such, any specific reference to the Plan

6

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

1  document would not help Plaintiff state a claim upon which relief could be granted.

2  Following the denial of these benefits, Plaintiff submitted an appeal of the benefit denial

3  to the Plan's Benefits/Appeals Committee in accordance with the Plan's Claims Appeals

4  Procedures set forth in the Plan. (Complaint ¶ 14; Mason Decl. ¶ 8; SPD, Ex. A to Mason Decl. at

5  pp. 66-68.) The Benefits/Appeals Committee denied the appeal for coverage of prosthetic

6  rehabilitation of dental implants including abutments and crowns because those benefits are

7  explicitly excluded from the Plan. (Complaint ¶ 15; Mason Decl. ¶ 11; SPD, Ex. A to Mason

8  Decl. at p. 57.)

9  The Plan's Claims and Appeals Procedures explicitly state that the "Benefits/Appeals

10  Committee shall have the discretion and final authority to interpret and apply the Plan of Benefits,

11  the Trust Agreement and any and all rules governing the Plan." (SPD, Ex. A to Mason Decl. at p.

12  66.) When an ERISA plan provides that the Trustees have sole discretion to interpret the Plan and

13  apply the plan of benefits, courts give deference to the Plan's decision, and such decision "will

14  not be disturbed if reasonable." *Conkright v. Frommert,* 559 U.S. 506, 512 (2010); *Salomaa v.*

15  *Honda Long Term Disability Plan,* 642 F.3d 666, 675 (9th Cir. 2012). Plaintiff has not alleged nor

16  could she show that the Plan's denial of benefits or the Trustees' denial of her appeal was an

17  arbitrary, capricious, or an abuse of discretion. *Id.*

### 4. **Plaintiff's request for declaratory and injunctive relief for future medical services is without basis in law.**

The Trustees of the Plan have many fiduciary duties under ERISA, including "providing benefits to participant and their beneficiaries…in accordance with the documents and instruments governing the plan." ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). As discussed above, the Plan has provided and Plaintiff has accepted the maximum benefits allowable under the Plan for the claims submitted. By requesting declaratory relief and injunctive relief "requiring Defendant to approve future claims for benefits based on Plaintiff's need for oral reconstruction following her traumatic injuries," (Prayer ¶¶ C, D.) Plaintiff is asking the Court to unlawfully amend the Plan to provide benefits that the Plan explicitly excludes and placing the Trustees in breach of their fiduciary duties by being forced to provide benefits to a beneficiary of the Plan in a way that

7

NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

violates the express language of the Plan document. There is no basis under ERISA for such relief, and the request must be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully submits that this motion must be granted and Plaintiff's complaint dismissed in its entirety without leave to amend.

Dated: January 9, 2015

                                            WEINBERG, ROGER & ROSENFELD
                                            A Professional Corporation


                                        By:  */s/ Kristina M. Zinnen*
                                                WILLIAM A. SOKOL
                                                EZEKIEL D. CARDER
                                                KRISTINA M. ZINNEN
                                                Attorneys for Defendant

8

NOTICE OF MOTION TO DISMISS
CASE NO. 3:14-cv-04268 RS

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001