UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE DRAGU,<br><br>    Plaintiff,<br><br>    v.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN FOR ACTIVE PARTICIPANTS,<br><br>    Defendant. | Case No. 14-cv-04268-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.    INTRODUCTION

Plaintiff Elise Dragu brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, for defendant Motion Picture Industry Health Plan for Active Participants' allegedly wrongful denial of plaintiff's claim for coverage of her oral reconstructive surgery. Defendant now moves to dismiss plaintiff's complaint for failure to state a claim. This matter is suitable for disposition without oral argument pursuant to Local Rule 7-1(b), and the hearing set for February 19, 2015 is hereby vacated. Because plaintiff fails to specify the plan provision from which her entitlement to benefits arises, defendant's motion is granted with leave to amend.

## II.   BACKGROUND[1]

In August 2012, plaintiff fell into a creek while hiking, sustaining shattered teeth, ripped gums, a broken jaw, and a laceration to her chin.  Her injuries required a series of reconstructive surgeries, including the installation of dental implants.  Plaintiff was, at the time, a participant in defendant's ERISA-governed employee health benefit plan.  Prior to undergoing surgery, plaintiff applied for plan preauthorization of the dental implants and necessary installation procedures.  Despite its assurances that preauthorization was imminent, plaintiff avers, defendant repeatedly delayed preauthorization.  As she continued to suffer debilitating pain as well as irreversible bone and gum loss while awaiting preauthorization, plaintiff elected to undergo surgery without preauthorization and pay for the procedures out-of-pocket.  Afterwards, defendant denied plaintiff's claim for coverage and then in March 2014 denied her appeal.  Alleging that the implants and surgeries constitute medical treatment fully covered under the terms of the plan, plaintiff accordingly filed this suit in September 2014.  In addition to monetary relief, plaintiff seeks declaratory relief entitling her to future medical benefits under the terms of the plan and an injunction requiring defendant to approve future claims arising from plaintiff's need for oral reconstruction.  Defendant now moves to dismiss plaintiff's complaint for failure to state a claim.

## III.   LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard requires "more than a sheer possibility that a defendant acted unlawfully."  Id.  The determination is context-specific, requiring the court "to draw on its judicial experience and

---

[1] The factual background herein is based on the averments in the complaint, which must be taken as true for purposes of a motion to dismiss.

common sense." *Id*. at 67.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true). The allegations in the complaint must be "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Normally, a court may only rely on the pleadings when determining a Rule 12(b)(6) motion to dismiss. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). However, in addition to the facts as alleged in the complaint, the court may look to a document not appended to the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

## IV.   DISCUSSION

A participant or beneficiary of a plan may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A participant or beneficiary who believes he or she has been denied a benefit under the terms of the plan may bring suit seeking provision of those benefits. *Aetna Health Inc., v. Davila*, 542 U.S. 200, 2010 (2004).

While plaintiff's claim is properly asserted under Section 1132(a)(1)(B), her complaint must nevertheless be dismissed because it fails to specify the plan provision under which she is allegedly entitled to coverage for her dental implants and installation procedures.[2]  "To state a claim for benefits under ERISA, plan participants and beneficiaries have to plead facts making it plausible that a provider owes benefits under the plan."  *Elizabeth L. v. Aetna Life Ins. Co.*, 2014 WL 2621408, at *2 (N.D. Cal. June 12, 2014).  A complaint under Section 1132(a)(1)(B) must, therefore, make reference to the "specific plan term that confers the benefit in question."  *In re Wellpoint, Inc. Out-Of-Network UCR Rates Litigation*, 856 F. Supp. 2d 1002, 1040 (C.D. Cal. 2011) (citing *Steelman v. Prudential Ins. Co. of Am.*, 2007 WL 1080656, at *7 (E.D. Cal. Apr. 4, 2007)) (internal quotation marks omitted).  Plaintiff's complaint merely asserts, in conclusory fashion, that defendant's denial of her claim comprised a wrongful abuse of discretion.  As plaintiff furnishes no further details demonstrating how exactly defendant's conduct breached the terms of the plan, her complaint must be dismissed.

Defendant furthermore takes issue with plaintiff's prayer for both declaratory relief entitling her to future medical benefits under the terms of the plan, and an injunction requiring defendant to approve future claims arising from plaintiff's need for oral reconstruction. Specifically, it argues that such relief would violate the plan because plaintiff has already been appropriately compensated according to the plan's terms.  While plaintiff's claims for declaratory and injunctive remedies are rather broadly pleaded, the correct interpretation of the plan's terms and to what extent plaintiff has already been compensated—disputed factual issues which bear upon the merits of this case—are not proper grounds, at this juncture, to dismiss plaintiff's

---

[2] Defendant lodged with its motion a copy of the plan's Summary Plan Description effective October 1, 2013 ("2013 SPD") and quotes from it language that, it argues, governs plaintiff's claim.  While plaintiff does not dispute the authenticity of the 2013 SPD or the quoted language, she contends in her response that the 2013 SPD's terms do not apply because it took effect after her surgeries and requests for preauthorization.  Rather, she argues, her benefits claim is governed by plan terms enacted July 1, 2007 ("2007 SPD") and a host of other plan documents, none of which contain the language defendant cites from the 2013 SPD.  Plaintiff appended a copy of the 2007 terms to her response, but has yet to point to terms therein or elsewhere to support her claim for wrongful denial of benefits.  Therefore, review of neither SPD is appropriate at this juncture.

requests for a determination of her rights under the plan going forward.

## V. CONCLUSION

For all of the aforementioned reasons, defendant's motion to dismiss is granted with leave to amend. Should plaintiff wish to file an amended complaint, she must do so within thirty (30) days of the date of this order.

**IT IS SO ORDERED**.

Dated: February 9, 2015

_____
RICHARD SEEBORG
United States District Judge