WILLIAM A. SOKOL, Bar No. 072740
EZEKIEL D. CARDER, Bar No. 206537
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bsokol@unioncounsel.net
        ecarder@unioncounsel.net
        kzinnen@unioncounsel.net

Attorneys for Defendant MOTION PICTURE INDUSTRY
HEALTH PLAN FOR ACTIVE PARTICIPANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE DRAGU,<br><br>                         Plaintiff,<br><br>        v.<br><br>MOTION PICTURE INDUSTRY HEALTH<br>PLAN FOR ACTIVE PARTICIPANTS,<br><br>                         Defendant. | No. 3:14-cv-04268 RS<br><br>**DEFENDANT'S NOTICE OF MOTION<br>AND MOTION FOR SUMMARY<br>JUDGMENT; MEMORANDUM OF<br>POINTS & AUTHORITIES**<br><br>Date:        November 5, 2015<br>Time:        1:30 p.m.<br>Courtroom: 3, 17th Floor<br><br>Judge:      Hon. Richard Seeborg |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS & AUTHORITIES.....................................................................1

I. INTRODUCTION ............................................................................................................1

II. ISSUES TO BE DECIDED ............................................................................................2

III. STATEMENT OF FACTS ..............................................................................................2

    A. PROVISIONS OF THE PLAN..............................................................................2

        1. Provisions of the 2013 SPD ......................................................................3

        2. Authority Conferred by the Agreement and Declaration of Trust......................................................................................................4

    B. PLAINTIFF'S CLAIMS FOR BENEFITS UNDER THE PLAN ..........................5

IV. ARGUMENT ...................................................................................................................7

    A. THE STANDARD OF REVIEW ON SUMMARY JUDGMENT ...........................................................................................................7

    B. THE STANDARD OF REVIEW FOR THE DENIAL OF ERISA BENEFITS ..............................................................................................8

    C. THE PLAN'S DIRECTORS DID NOT ABUSE THEIR DISCRETION. ....................................................................................................10

        1. The Plan Properly Applied the 2013 SPD. ..................................................10

        2. The Plan Properly Denied Coverage for the Crowns and Abutments. ...................................................................................................11

        3. The Benefits Paid for the Out-of-Network Provider were Proper ..........................................................................................................13

        4. The Plan Complied With Its Procedural Requirements for Claims and Appeals Under ERISA. .....................................................14

    D. SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO GENUINE OR DISPUTED ISSUES OF MATERIAL FACT, ONLY QUESTIONS OF LAW. ..........................................15

    E. THE PLAN IS ENTITLED TO ITS REASONABLE ATTORNEYS' FEES AND COSTS. ..................................................................16

V. CONCLUSION................................................................................................................16

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abatie v. Alta Health & Life Ins. Co.*,
   458 F.3d 955 (9th Cir. 2006) ...........................................................................8

*Amato v. Bernard*,
   618 F.2d 559 (9th Cir.1980) ...........................................................................13

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...........................................................................................8

*Bahn v. NME Hosps., Inc.*,
   929 F.2d 1404 (9th Cir.1991) ............................................................................8

*Barnett v. Kaiser Foundation Health Plan, Inc.*,
   32 F.3d 413 (9th Cir.1994) ........................................................................12, 13

*Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.*,
   293 F.3d 1139 (9th Cir.2002) ............................................................................9

*California v. Campbell*,
   138 F.3d 772 (9th Cir.1998) ...........................................................................7, 8

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ...........................................................................................7

*Conkright v. Frommert*,
   559 U.S. 506, (2010) ..........................................................................................9

*Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*,
   50 F.3d 1478 (9th Cir.1995) ............................................................................14

*Eisner v. Prudential Ins. Co. of America*,
   No. 12-CV-01238-JST, 2013 WL 3946003 (N.D. Cal. July 29, 2013) ......14, 15

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) ........................................................................................8, 9

*Grosz–Salomon v. Paul Revere Life Ins. Co.*,
   237 F.3d 1154 (9th Cir.2001) .........................................................................9, 10

*Johnson v. Trustees of W. Conf. of Teamsters Pension Trust Fund*,
   879 F.2d 651 (9th Cir.1989) ..............................................................................9

*Menhorn v. Firestone Tire & Rubber Co.*,
   738 F.2d 1496 (9th Cir.1984) ..........................................................................10

*Metropolitan Life Ins. Co. v. Glenn*,
   554 U.S. 105 (2008) ...........................................................................................8

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
   210 F.3d 1099 (9th Cir.2000) ............................................................................8

*Oster v. Barco of Cal. Employees' Retirement Plan*,
   869 F.2d 1215 (9th Cir.1988) ............................................................................9

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

## TABLE OF AUTHORITIES

**Page**

*Polnicky v. Liberty Life Assurance Co. of Boston,*
    999 F.Supp.2d 1144 (N.D. Cal. 2013) ...................................................................10

*Salomaa v. Honda Long Term Disability Plan,*
    642 F.3d 666 (9th Cir.2011) .........................................................................11, 12

*Sandy v. Reliance Standard Life Ins. Co.,*
    222 F.3d 1202 (9th Cir.2000) .............................................................................8

*Serrato v. John Hancock Life Ins. Co.,*
    31 F.3d 882 (9th Cir. 1994) ..............................................................................10

*Tapley v. Locals 302 and 612 of the Int'l Union of Operating Engineers–*
    *Employers Construction Indus. Retirement Plan,*
    728 F.3d 1134 (9th Cir.2013) ..............................................................................9

*United States v. Hinkson,*
    585 F.3d 1247 (9th Cir.2009) ............................................................................11

*Vaught v. Scottsdale Healthcare Corp. Health Plan,*
    546 F.3d 620 (9th Cir.2008) .............................................................................14

*West v. Greyhound Corp.,*
    813 F.2d 951 (9th Cir.1987) .............................................................................10

## Statutes

29 U.S.C. § 1001 ....................................................................................................2

29 U.S.C. § 1051 ..................................................................................................10

29 U.S.C. § 1104 ..............................................................................................7, 12

29 U.S.C. § 1132 .................................................................................2, 8, 13, 16

29 U.S.C. § 1133 ..................................................................................................14

## Rules

Rule 56 of the Federal Rules of Civil Procedure .................................................1, 7

## Regulations

29 CFR § 2560.503-1 ............................................................................................14

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

1

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

2

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on November 5, 2015 at 1:30 p.m. or as soon thereafter as

4

may be heard, in Courtroom 3, on the 17th floor of the above-referenced Courthouse, located at

5

450 Golden Gate Avenue, San Francisco, California, Defendant Motion Picture Industry Health

6

Plan for Active Participants ("Plan") will move for an order pursuant to Rule 56 of the Federal

7

Rules of Civil Procedure granting summary judgment in favor of the Plan.

8

This motion is brought pursuant to Rule 56 on the grounds that there is no genuine dispute

9

as to any material fact and, having provided all benefits to Plaintiff Elise Dragu ("Plaintiff" or

10

"Dragu") due under the controlling Plan, Plaintiff is not entitled to the relief sought, and the Plan

11

is entitled to judgment in its favor as a matter of law, as well as its attorneys' fees and costs.

12

This motion is based on this notice of motion and on the attached memorandum of points

13

and authorities and supporting declarations, upon the documents in the Court's file, and upon

14

such other evidence as may be presented at the hearing of this matter.

15

16

Dated:  October 1, 2015                         WEINBERG, ROGER & ROSENFELD
                                                A Professional Corporation

17

18

                                                /S/
                                      By:       KRISTINA M. ZINNEN

19

20

                                                Attorneys for Defendant MOTION PICTURE
                                                INDUSTRY HEALTH PLAN FOR ACTIVE
                                                PARTICIPANTS

21

22

## MEMORANDUM OF POINTS & AUTHORITIES

23

### I.      INTRODUCTION

The issue to be determined is whether Plaintiff Elise Dragu is entitled to certain benefits

24

under the terms of the health and welfare plan maintained by the Plan. Dragu claims she is

25

entitled to recover benefits under the Plan in connection with the dental implants necessitated by

26

an accident that occurred in August 2012.  Although the Plan provided benefits as a result of the

27

accident, Dragu's claim for this particular benefit—crowns and abutments that were placed on

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

implant fixtures—was denied by the Plan. The Plan's denial of benefits was proper under the terms of the Plan, and was a decision that was well within the discretion of Plan's Board of Directors ("Directors").  As will be established, there are no genuine or disputed issues of material fact—the facts are largely undisputed—regarding whether Plaintiff is entitled to the benefits she seeks to recover in this action.  As such, summary judgment in favor of the Plan is warranted.

## II.     ISSUES TO BE DECIDED

1.     Is the Plan entitled to summary judgment because its Directors had discretionary authority to determine eligibility for benefits, properly applied the terms of the Plan, and did not abuse their discretion?

2.     Is the Plan entitled to reasonable attorneys' fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1)?

## III.     STATEMENT OF FACTS

### A.     PROVISIONS OF THE PLAN

The Plan is an employee benefit plan existing for the purpose of providing health and welfare benefits to eligible participants and their spouses and dependents.  The Plan is subject to the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. (FAC ¶ 2.) Dragu is the spouse of a participant in the Plan and is therefore eligible for certain benefits in accordance with the terms of the Plan. Dragu was enrolled in the Motion Picture Industry Health Plan/Blue Shield medical benefit option, which is a self-funded group health plan.[1] (FAC ¶ 40; Declaration of Gregory Mason ("Mason Decl.") ¶ 4.) The Plan provided health benefits to Plaintiff, like all other participants and beneficiaries in the Plan, in accordance with the terms of the Plan set forth in the Plan's governing documents.  The governing document of the Plan is the

---

[1] The Plan has an Administrative Services Agreement with Anthem Blue Cross Life and Health Insurance Company ("Anthem") which allows the Plan to receive a discount on claims from providers within the Anthem provider network. The Board of Directors of the Plan establishes the benefits provided by the Plan as set forth in the SPD. Anthem does not determine the benefits provided in the Plan. (Mason Decl. ¶ 5.)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

Plan's Summary Plan Description, which was effective beginning October 1, 2013 ("2013 SPD").[2]  (Mason Decl. ¶ 4; 2013 SPD, Ex. A to Mason Decl.)

### 1.   Provisions of the 2013 SPD

The 2013 SPD expressly states it "is effective for expenses incurred on or after October 1, 2013, and supersedes and replaces all similar information previously issued." (Mason Decl. ¶ 4; 2013 SPD, Ex. A to Mason Decl. at D00157.)  In addition, the 2013 SPD clearly provides the following disclosures:

> **The nature and extent of benefits provided by the Plan and the rules governing eligibility are determined solely and exclusively by the Directors of the Plan. The Directors shall also have full discretion and authority to interpret the Plan and to decide any factual questions related to eligibility for and the extent of benefits provided by the Plan. Such interpretations are final and binding on Participants, their Dependents and Providers.**
>
> **Employees of the Plan have no authority to alter benefits or eligibility rules. Any interpretations or opinions given by Employees of the Plan are not binding upon the Directors and cannot enlarge or change such benefits or eligibility rules.**

(*Id.* Emphasis in original.) With respect to the particular services at issue, the Plan in effect at the time the services were provided contains the following language:

> Dental implants may be covered in cases of trauma, ablative surgery or congenital anomalies.  Prosthetic rehabilitation of dental implants including abutments and crowns are not covered under the medical benefit.[3]

(Mason Decl. ¶ 6; 2013 SPD, Ex. A to Mason Decl. at D00217.)

The Plan provides the right to appeal a benefit determination made under the Plan.  The 2013 SPD's Claims Appeals Procedures discloses:

> The MPI Health Plan pays only those benefits established by the Plan's Directors.  The Benefits/Appeals Committee shall have the

---

[2]  The benefits provided to Plaintiff immediately following the accident were provided under the 2007 SPD then in effect.  The 2007 SPD was replaced with the 2013 SPD, which was the operative SPD at the time Plaintiff incurred the expenses at issue.

[3]  The Dental Plan does not cover implants. (2013 SPD, Ex. A to Mason Decl. at D00264.) The Dental Plan provided dental benefits related to Plaintiff's injuries, which are not at issue.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

discretion and final authority to interpret and apply the Plan of Benefits, the Trust Agreement and any and all rules governing the Plan. **The Benefits/Appeals Committee does not have the authority to change Plan benefits.** The decision of the Benefits/Appeals Committee shall be final and binding upon all parties, including the Participants and any person claiming under the Participant, subject to the right to bring a civil action under Section 502(a) of ERISA. These provisions apply to and include any and every Claim for benefits under the Plan and any Claim or right asserted against the Plan, regardless of the basis asserted for the Claim.

(2013 SPD, Ex. A to Mason Decl. at D00226.)

### 2.    Authority Conferred by the Agreement and Declaration of Trust

The Agreement and Declaration of Trust ("Trust Agreement") under which the Plan operates provides discretionary authority to the Plan's Directors:

- **Art. IV, Powers, Duties and Obligations of Directors, Section 1, Construction of Agreement**—The Directors shall have the power to construe the provisions of the Agreement and Declaration of Trust and the terms used herein and any construction adopted by the Directors in good faith shall be binding upon the Unions, the Employers and the Employees and their families and dependents. (Trust Agreement, Ex. C to Mason Decl. at D00039.)

- **Art. IV, Plan of Benefits, Section 1, Benefits**—The Directors shall have full authority to determine all questions of nature, amount, and duration of Benefits to be provided based on what such Directors shall estimate the Plan can provide without undue depletion or excessive accumulation; such Benefits may include but shall be limited to life, accidental death and dismemberment, medical, hospital, weekly accident and sickness benefits and surgical plans; provided, however that no pension or annuity benefits may be provided for or paid under the Agreement and Declaration of Trust. (*Id.* at D00059.)

- **Art. IV, Plan of Benefits, Section 3, Written Plan of Benefits**— After determination of the detailed basis upon which payments of Benefits is to be made pursuant to this agreement, the same shall be specified in writing by appropriate resolution of the Directors, subject, however, to such change or modification by the Directors from time to time as they in their discretion may determine. All such changes or modifications shall be similarly specified in writing by appropriate resolution of the Directors. Copies of such detailed basis or plan of benefits so determined shall be furnished by the Directors to the parties hereto. (*Id.*)

- **Art, IV, Plan of Benefits, Section 9(e), Claims Review Procedure**—The decision of the Claims Review Committee shall be final and binding upon all parties, including the claimant; provided, however, that any notification of

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

determination on appeal shall state that the claimant have the right to bring a civil action under Section 502(a) of ERISA and any person claiming under the claimant. The provisions of this section shall apply to and include any and every claim to benefits under the Plan and any claim or right asserted against the Plan, regardless of the basis asserted for the claim and regardless of when the act or omission upon which the claim is based occurred, subject to Section 9(a) above. (*Id.* at D00062-D00063.)

- **Art, VI Plan of Benefits, Section 10, Authority of Directors to Interpret Plan of Benefits**—The Directors and such Committee or Committees of the Board of Directors as may be established from time to time to act as the Claims Review Committee established under Article VI, Section 9, above, shall have the power to construe and interpret the provisions of the plan of benefits, including any summary plan description or other writing disseminated to Employees, beneficiaries and their dependents, and any and all terms used therein, and any construction or interpretation adopted by the Directors or such Committee in good faith shall be final and binding upon the Unions, Employers, and the Employees, their dependents and beneficiaries. (*Id.* at D00063.)

**B.    PLAINTIFF'S CLAIMS FOR BENEFITS UNDER THE PLAN**

Dragu, a beneficiary of the Plan, was in an accident on August 20, 2012, which resulted in significant injuries to her face and mouth— shattered teeth, ripped gums, a broken jaw, and a severe laceration to the chin. (First Amended Complaint ("FAC") ¶¶ 7-8.)  As a result of the injuries sustained in the accident, Plaintiff submitted claims and received the benefits due her under the Plan.

It is undisputed that the Plan covered Dragu's claims for the surgical removal of her teeth with bone replacement graft under anesthesia, which were submitted on January 7, 2013. (Administrative Record ("Admin. Record"), Ex. D-2 to Mason Decl. at D00512-D00520.)

On October 31, 2013, the Plan received a Preauthorization Request from Dragu's provider requesting preauthorization for oral restorative work, which included the placement of dental implants, crowns, and abutments. (Mason Decl.¶ 10; Admin. Record, Ex. D-2 to Mason Decl. at D00527.)

The Plan's Medical Review Department reviewed the Preauthorization Request in accordance with the Plan's Preauthorization procedures set forth in the Plan. (Mason Decl. ¶ 10; 2013 SPD, Ex. A to Mason Decl. at D00225.)  On November 12, 2013, the Plan responded to the provider, with a copy to Dragu, that the preauthorization request had been denied because the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

1   requested dental services were not covered under the Plan. (Mason Decl. ¶ 10; Admin. Record,

2   Ex. D-2 to Mason Decl. at D00532.)

3       On January 17, 2014, Dragu submitted an appeal of the benefit denial to the Plan's

4   Benefits/Appeals Committee in accordance with the Plan's Claims Appeals Procedures set forth

5   in the Plan. (Mason Decl. ¶ 11; 2013 SPD, Ex. A to Mason Decl. at D00226-D00228; Admin.

6   Record, Ex. D-1 to Mason Decl. at D00472-D00474.) Pursuant to Article IV, Section 2(p) of the

7   Trust Agreement, the Benefits/Appeals Committee is composed of an equal number of Employer

8   and Union Directors. (Mason Decl. ¶ 12; Trust Agreement, Ex. C to Mason Decl. at D00041-

9   D00042.)

10      On January 27, 2014, the Plan adjusted Dragu's claim to approve coverage for the dental

11  implants in accordance with the terms of the Plan. The Plan did not cover the crowns and

12  abutments for the dental implants. (Mason Decl. ¶ 13; Admin. Record, Ex. D-1 to Mason Decl. at

13  D00478, D00493.) On February 5, 2014, the claim for dental implants was paid to the provider at

14  50% of the allowable amount, which is the maximum benefit provided under the Plan for an Out-

15  of-Network Provider.  (Mason Decl. ¶ 14; 2013 SPD, Ex. A to Mason Decl. at D00192-D00194.)

16      At the time the claim was paid, the Plan generated and sent Dragu an Explanation of

17  Benefits ("EOB") letter, which showed payment was made at 50% of the amount changed.

18  (Mason Decl. ¶ 15; Admin. Record, Ex. D-3 to Mason Decl. at D00547-D00548.) The EOB

19  provided notice to Dragu of her right to appeal the determination to the Benefits/Appeals

20  Committee within 180 days. (Id.) Dragu did not appeal the determination of coverage of the

21  dental implants at the Out-of-Network rate, i.e., 50% of the allowable amount. (Mason Decl. ¶

22  15.)

23      On March 25, 2014, the Benefits/Appeals Committee reviewed Dragu's appeal for

24  abutments and crowns for the dental implants, which included a review of the complete

25  administrative record of Dragu's claims for benefits (Mason Decl. ¶ 16; Admin. Record, Ex. D to

26  Mason Decl.) Although the Plan covered the dental implants, the Benefits/Appeals Committee

27  denied the appeal for coverage of prosthetic rehabilitation of dental implants including abutments

28  and crowns because those benefits are explicitly excluded from the Plan. (Mason Decl. ¶ 17; 2013

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

1    SPD, Ex. A to Mason Decl. at D00217; Admin. Record, Ex. D-1 to Mason Decl. at D00460.)

2        To date, all of Dragu's claims have been paid in accordance with the terms of the Plan and

3    the Dental Plan.

4                        **IV.    ARGUMENT**

5        The Trust Agreement and the Plan expressly give the Directors discretionary authority to

6    determine eligibility for benefits and to construe the terms of the Plan. (Trust Agreement, Ex. C to

7    Mason Decl. at D00063; 2013 SPD, Ex. A to Mason Decl. at D00157, D00226; 2007 SPD, Ex. B

8    to Mason Decl. at D00317, D00383.)  The Court's review is limited to the governing Plan

9    documents and the documents in the Plan's administrative record of Plaintiff's claim to determine

10   if the Directors abused their discretion in administering the Plan. If Plaintiff cannot meet her

11   burden to demonstrate that the Plan's denial of her claim was arbitrary and capricious, then the

12   Court must defer to the decision of the Plan.

13       Summary judgment is appropriate because there are no genuine or disputed issues of

14   material fact. The Plan and Dragu agree on which claims were paid and which were denied. The

15   sole question is whether the Directors properly interpreted the Plan in accordance with the plain

16   language of the Plan document, or whether they abused their discretion when denying Dragu's

17   benefits, which is exclusively a question of law. As set forth below, the Plan has already paid and

18   Plaintiff has accepted the maximum benefits allowable under the Plan for the claims submitted.

19   The Directors of the Plan have a fiduciary duty under ERISA to administer the Plan in accordance

20   with the Plan documents. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). Plaintiff's Complaint asks

21   the Court to impose relief that would violate the terms of the Plan and violate the Directors'

22   fiduciary duties under ERISA.

23   **A.    THE STANDARD OF REVIEW ON SUMMARY JUDGMENT**

24       Summary judgment is properly granted when no genuine and disputed issues of material

25   fact remain, and when, viewing the evidence most favorably to the non-moving party, the moving

26   party is clearly entitled to prevail as a matter of law.  Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett*,

27   477 U.S. 317, 322-323 (1986); *California v. Campbell,* 138 F.3d 772, 780 (9th Cir.1998).

28   Material facts which would preclude entry of summary judgment are those which, under

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

1   applicable substantive law, may affect the outcome of the case.  The substantive law identifies

2   which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Campbell*,

3   138 F.3d at 782.

4         Where, as here, the moving party does not bear the burden of proof on an issue at trial, it

5   may discharge its burden of production by either: (1) producing evidence negating an essential

6   element of the non-moving party's case, or (2) the moving party may show that the non-moving

7   party does not have enough evidence of an essential element of its claim to carry its ultimate

8   burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d

9   1099, 1106 (9th Cir.2000).  If the moving party shows an absence of evidence to support the non-

10  moving party's case, the burden shifts to the non-moving party to produce "specific evidence,

11  through affidavits or admissible discovery material to show that the dispute exists."  *Bahn v. NME*

12  *Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991).  If the moving party produces affirmative

13  evidence negating an essential element of the non-moving party's claim the burden then shifts to

14  the non-moving party to produce specific evidence to show that a dispute of material fact exists.

15  *Nissan*, 210 F.3d at 1105.

16  **B.**     **THE STANDARD OF REVIEW FOR THE DENIAL OF ERISA BENEFITS**

17        In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989), the Supreme Court

18  addressed "the appropriate standard of judicial review of benefit determinations by fiduciaries or

19  plan administrators under" ERISA Section 502a, 29 U.S.C. § 1132(a)(1)(B).  *Id.* at 105.  If the

20  plan confers discretionary authority on the administrator or fiduciary to determine eligibility for

21  benefits as a matter of contractual agreement, the appropriate standard of review is abuse of

22  discretion.  *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 963 (9th Cir. 2006), citing

23  *Firestone*, 489 U.S. at 115; see also *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 110-111

24  (2008) (grant of discretionary authority "make[s] a *deferential standard* of review appropriate,"

25  citing *Firestone*).

26        There are no "magic" words that conjure up discretion on the part of the plan

27  administrator.  *Abatie*, 458 F.3d at 963, citing *Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d

28  1202, 1207 (9th Cir.2000) (noting that "there is no magic to the words 'discretion' or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

'authority' "). Plan language granting the power to interpret plan terms and to make final benefits determinations confers discretion on the plan administrator. See, e.g., *Bergt v. Retirement Plan for Pilots Employed by MarkAir, Inc.,* 293 F.3d 1139, 1142 (9th Cir.2002) (discretion conferred where administrator is granted the "power" and "duty" to "interpret the plan and to resolve ambiguities, inconsistencies and omissions" and to "decide on questions concerning the plan and the eligibility of any Employee" [internal quotation marks omitted]); *Grosz–Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1159 (9th Cir.2001) (plan language providing that the administrator "has the full, final, conclusive and binding power to construe and interpret the policy under the plan ... [and] to make claims determinations" grants discretion).

The Ninth Circuit "equate[s] the abuse of discretion standard with arbitrary and capricious review," which means the Pension Fund's "interpretation of Plan language is entitled to a high level of deference and will not be disturbed unless it is 'not grounded on any reasonable basis.' " *Tapley v. Locals 302 and 612 of the Int'l Union of Operating Engineers–Employers Construction Indus. Retirement Plan,* 728 F.3d 1134, 1139 (9th Cir.2013), quoting *Oster v. Barco of Cal. Employees' Retirement Plan,* 869 F.2d 1215, 1218 (9th Cir.1988). An interpretation is unreasonable and without rational justification when it "clearly conflicts with the plain language of the plan." *Johnson v. Trustees of W. Conf. of Teamsters Pension Trust Fund,* 879 F.2d 651, 654 (9th Cir.1989). The administrator's "interpretation of the plan 'will not be disturbed if reasonable.'" *Conkright v. Frommert,* 559 U.S. 506, 521, (2010), quoting *Firestone,* 489 U.S. at 111.

The Plan confers broad discretion on the Plan's Board of Trustees to make the final, binding decision regarding the interpretation and application the Plan. The Plan's decision in this case regarding coverage for Plaintiff's claim for reimbursement of the cost of crowns and abutments is entitled to deference. The undisputed evidence establishes that the Plan's decisions concerning Plaintiff's entitlement to benefits was reasonable and consistent with the plain language of the Plan.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9
DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

## C.     THE PLAN'S DIRECTORS DID NOT ABUSE THEIR DISCRETION.

The Plan's Directors had discretionary authority to determine eligibility for benefits, properly applied the terms of the Plan, and did not abuse their discretion.

### 1.     The Plan Properly Applied the 2013 SPD.

Dragu contends the Plan's application of the 2013 SPD instead of the 2007 SPD was wrongful and constitutes an abuse of discretion. (FAC ¶¶ 18, 27.) The Plan did not abuse its discretion in applying the terms of the 2013 SPD.  Under ERISA, "[h]ealth care benefits provided in an employee benefit plan are not vested benefits; the employer may modify or withdraw these benefits at any time, provided the changes are made in compliance with ... the terms of the plan." *Serrato v. John Hancock Life Ins. Co.*, 31 F.3d 882, 884 (9th Cir. 1994); *West v. Greyhound Corp.,* 813 F.2d 951, 954 (9th Cir.1987) ("There is no language in ERISA which provides for the accrual of welfare benefits or guarantee[s] that such benefits are vested or nonforfeitable."); 29 U.S.C. § 1051(1).

As the Ninth Circuit explained in *Grosz–Salomon*, an employee's rights under an ERISA welfare benefit plan do not automatically vest and employers are free to amend or terminate ERISA welfare benefit plans unilaterally unless employees have bargained for contractually vested rights.  *Id.*, 237 F.3d at 1160 & n. 24.  "Contractual vesting of a welfare benefit, moreover, is an extra-ERISA commitment that must be stated in clear and express language."  *Id.*  Dragu does not argue—and there is nothing in either the 2007 SPD or the 2013 SPD to suggest—that the Plan granted vested benefits to Plaintiff in 2012 when she first filed a claim as a result of her accident.  Where benefits have not vested, the controlling policy is the one in existence when benefits are denied.  *Grosz–Salomon*, 237 F.3d at 1159–60.  Therefore, the controlling plan is the plan that existed when the plaintiff's ERISA cause of action accrued–at the time benefits were denied.  *Id.*; *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1501 (9th Cir.1984) ("[A]n ERISA cause of action based on a denial of benefits accrues at the time the benefits are denied."); *Polnicky v. Liberty Life Assurance Co. of Boston*, 999 F.Supp.2d 1144, 1148-49 (N.D. Cal. 2013).

The plain language of the Plan is consistent with the application of *Groz-Salomon* to determine the applicable Plan.  The 2013 SPD clearly states it is "effective for expenses incurred

10

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

on or after October 1, 2013, and supersedes and replaces all similar information previously

issued." (2013 SPD, Ex. A to Mason Decl. at D00157.)  The expenses in connection with the

crowns and abutments were incurred after October 1, 2013, when the crowns were placed on the

implant fixtures. It is undisputed that the "abutments and crowns were installed in 2014." (FAC ¶

52.) Further, Dragu's ERISA cause of action accrued on March 25, 2014, when the Plan's the

Benefits/Appeals Committee denied Dragu's appeal for coverage of prosthetic rehabilitation of

dental implants including abutments and crowns.  There was no abuse of discretion in applying

the terms of the 2013 SPD to make the benefit determination.

Dragu further alleges that it was an abuse of discretion to deny Dragu's preauthorization

request on November 12, 2013 on the basis that dental services were not covered under the Plan.

(FAC ¶ 18.) The Plan's statement that "Dental services are not covered under the Plan" was

accurate, however, as Dragu's preauthorization request on October 31, 2013 was submitted to the

medical plan, not the dental plan. (Admin. Record, Ex. D-2 to Mason Decl. at D00527-D00531.)

### 2. The Plan Properly Denied Coverage for the Crowns and Abutments.

The Plan denied Dragu's claim for benefits under the medical plan for the placement of

crowns on the implant fixtures based on the clear language of the Plan—"Prosthetic rehabilitation

of dental implants including abutments and crowns are not covered under the medical benefit."

(2013 SPD, Ex. A to Mason Decl. at D00217.) There was no abuse of discretion in making this

determination as Dragu alleged (FAC ¶ 57.).

In in *United States v. Hinkson*, 585 F.3d 1247 (9th Cir.2009), the Ninth Circuit's en banc

decision explained the meaning of the phrase "abuse of discretion."  The test for abuse of

discretion in a factual determination is whether "we are left with a definite and firm conviction

that a mistake has been committed," and the court may not merely substitute our view for that of

the fact finder.  *Id*. at 1262 (citation and quotation omitted).  To do so, the court considers

whether the decision was "(1) illogical, (2) implausible, or (3) without support in inferences that

may be drawn from the facts in the record."  *Id*. (citation and quotation omitted).  This standard

"makes sense in the ERISA context" and is applicable.  *Salomaa v. Honda Long Term Disability*

*Plan*, 642 F.3d 666, 676 (9th Cir.2011).  Under the circumstances of this case, it cannot be said

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11
DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

1   with definite and firm conviction that the Plan's decision to deny coverage for the crowns and

2   abutments was illogical or implausible in light of the unambiguous policy language.

3           There is nothing in the administrative record of Plaintiff's claim to suggest that some

4   other inference might be drawn from the facts that would warrant coverage.  The administrative

5   record establishes that the Plan consistently denied coverage for Dragu's claim for the placement

6   of crowns and abutments under the medical plan. For example, on January 27, 2014, Medical

7   Director Dr. Armstrong wrote a note in the file "OK to allow IMPLANTS only. Continue to deny

8   abutments and crowns" (Admin. Record, Ex. D-1 to Mason Decl. at D00493); on February 18,

9   2014, the Plan's external medical review concluded that "placement of abutments and crowns by

10  the dentist are not within the parameters of the medical plan and should be considered in the

11  dental benefit plan or paid by the patient" (*Id.* at D00471); on March 5, 2014, Dr. Armstrong

12  stated in a memo to the Benefits/Appeals Committee that the Plan's "maxillofacial and oral

13  surgeon consultant . . .. confirmed that the placement of abutments and crowns by the dentist are

14  not within the parameters of the medical plan" (*Id.* at D00461); and on March 25, 2014, the

15  Benefits/Appeals Committee stated in its appeal denial letter to Dragu that "Prosthetic

16  rehabilitation of dental implants including abutments and crowns are not covered under the

17  medical benefit" (*Id.* at D00460).

18          Benefit determinations made under a plan must comply with the plan as written, which is

19  exactly what the Plan did in this case—it applied the specific exclusion for crowns and

20  abutments.  This was not an unreasonable interpretation or application of the Plan and does not

21  arise to an abuse of discretion.  *Barnett v. Kaiser Foundation Health Plan, Inc.*, 32 F.3d 413, 416

22  (9th Cir.1994) (proper inquiry "is not whose interpretation of plan documents is most persuasive,

23  but whether the plan administrator's interpretation is unreasonable.") The Directors of the Plan

24  have a fiduciary duty under ERISA to administer the Plan in accordance with the Plan documents.

25  ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). Plaintiff's FAC asks the Court to impose relief that

26  would violate the terms of the Plan and violate the Directors' fiduciary duties under ERISA.

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12
DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

### 3.   The Benefits Paid for the Out-of-Network Provider were Proper

The oral surgeon who placed the implant fixtures was an out-of-network provider.  Once it adjusted its initial denial of the claim involving the dental implants, the Plan paid 50% of the cost as permitted under the Plan.  Dragu further claims that she did not have the opportunity to appeal the out-of-network determination "because the Plan did not provide her with notice that she could appeal."  FAC ¶ 33.  Dragu contends the oral surgeon should have been paid at 70% of the cost under the 2007 SPD, and that the failure to do so constitutes an abuse of discretion.  *Id.*, ¶ 36.  There was no abuse of discretion in the Plan's determination to pay the oral surgeon at 50% of the cost.

The 2013 SPD provides that out-of-network surgeons will be compensated at 50% of cost.  (Mason Decl. ¶ 14; 2013 SPD, Ex. A to Mason Decl. at D00192-D00194.)  The Plan paid the claim for the implant surgery on February 5, 2014, *id.*, and provided Dragu with an EOB letter that clearly shows payment of 50% of the billed costs. (Mason Decl. ¶ 14; Admin. Record, Ex. D-3 to Mason Decl. at D00547-D00548.)  Although Dragu claims she did not receive notice of the right to appeal, the EOB was sent to her address of record and contains information regarding the right to appeal if the recipient believes the claim has not been paid appropriately. The EOB indicates that a written appeal must be submitted to the Plan's Benefit/Appeals Committee within 180 days of receipt of the EOB, and if not appeal is submitted, the right to have the determination reviewed is lost.  Dragu did not appeal the determination to pay the oral surgeon at the 50% rate under the SPD. (Mason Decl. ¶ 15; Admin. Record, Ex. D-3 to Mason Decl. at D00547-D00548.).

Having failed to exhaust her administrative remedies, Dragu cannot now challenge the Plan's determination to pay the oral surgeon at the 50% level.  Although ERISA itself does not require a participant or beneficiary to exhaust administrative remedies in order to bring an action under § 502, 29 U.S.C. § 1132, the Ninth Circuit

> long ago concluded that 'federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so.' *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir.1980). Accordingly, we have

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

consistently held that before bringing suit under § 502, an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'  *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995).

*Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir.2008); *Eisner v. Prudential Ins. Co. of America*, No. 12-CV-01238-JST, 2013 WL 3946003, at *3 (N.D. Cal. July 29, 2013) (citing *Diaz*).

The Plan's decision to pay at the 50% level was made under the 2013 SPD and is a direct application of the Plan's terms.  As set forth above, the SPD in effect at the time the benefits were denied is controlling.  Payment at the 50% level is entirely consistent with the unambiguous terms of the 2013 SPD.  The Plan did not abuse its discretion when paying this particular claim.

### 4.   The Plan Complied With Its Procedural Requirements for Claims and Appeals Under ERISA.

Dragu's claims were administered in accordance with ERISA § 503, 29 U.S.C. § 1133, and regulations thereunder, despite Dragu's allegations to the contrary. (FAC ¶ 63.) For each claim submitted to the Plan, the Plan provided an EOB for why the claim was covered, denied, or covered in part/denied in part. (Admin. Record, Ex. D-3 to Mason Decl.) In accordance with ERISA § 503 and 29 CFR § 2560.503-1(g), each EOB "a) inform[ed] Plaintiff of her right to obtain a full and fair review of the adverse benefit determination; b) provide[d] a description of the time limits applicable to the Plan's review procedures; c) inform[ed] Plaintiff of her right to obtain documents relied on or generated during the course of the adverse benefit determination; [and] d) include[d] a statement of Plaintiff's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination review." (FAC ¶ 20.)

The Secretary of Labor defines the term "adverse benefit determination" in 29 CFR § 2560.503-1(m)(4) as:

a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

> benefit resulting from the application of any utilization review, as well as a failure to cover an item or service for which benefits are otherwise provided because it is determined to be experimental or investigational or not medically necessary or appropriate.

Accordingly, the "adverse benefit determination" in this case was the Plan's denial of Dragu's claim for crowns and abutments when the provider submitted the medical claim to the Plan. As discussed above, the Plan complied with its requirements under ERISA following the adverse benefit determination.

Contrary to Dragu's allegations, the November 12, 2013 preauthorization denial was not an "adverse benefit determination" (FAC ¶ 19), because the Plan "does not require Preauthorization for any covered benefit." (2013 SPD, Ex. A to Mason Decl. at D00225.) The Plan's Preauthorization procedures explicitly state that a claim "will not be denied on the basis that it was not preauthorized." *Id.* Thus, the preauthorization denial was not a denial of the claim, and not an adverse benefit determination. Further, the March 24, 2014 denial of Dragu's appeal was also not an "adverse benefit determination" (FAC ¶ 49), because by the time of Dragu's appeal, the Plan had necessarily already denied her claim. As such, the Plan did not abuse its discretion in the administration of its claims and appeals procedures.

### D. SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO GENUINE OR DISPUTED ISSUES OF MATERIAL FACT, ONLY QUESTIONS OF LAW.

It is undisputed that the Plan covered Dragu's dental implants at the 50% of the allowable amount for Out-of-Network Providers. (FAC ¶¶ 31-32.) Whether this rate was the appropriate rate under the operative Plan document, and whether the Directors had the discretion to apply this rate, are questions of law.

It is undisputed that Dragu's "abutments and crowns were installed in 2014." (FAC ¶ 52.) Whether the 2013 SPD, which explicitly states that it is "effective for expenses incurred on or after October 1, 2013, and supersedes and replaces all similar information previously issued," is the operative Plan document for Dragu's claim for crowns and abutments is a question of law.

It is undisputed that the Plan denied Dragu's claim for crowns and abutments related to the dental implants, and also denied Dragu's appeal of that benefit denial. Whether the benefit

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES
Case No. 3:14-cv-04268 RS

claim denial and benefit appeal denial were proper under the operative Plan document, and whether the Directors had the discretion to deny the claim and appeal, are questions of law.

It is also undisputed that the Plan had initially denied the preauthorization request. The only dispute of fact is when Dragu first sought preauthorization from the Plan for the installation of her dental implants, and that fact is not material to this case. Dragu alleges that the preauthorization was submitted on February 22, 2013. (FAC ¶ 12.) The administrative record, however, shows that the preauthorization was not submitted until October 31, 2013. (Admin. Record, Ex. D-2 to Mason Decl. at D00427-D00531.) This fact is immaterial, however, because the Plan "does not require Preauthorization for any covered benefit." (2013 SPD, Ex. A to Mason Decl. at D00225.) Accordingly, even if the Plan had delayed in providing preauthorization as Dragu alleges, she would not have been harmed or prejudiced.

Based on the above, there are no genuine or disputed issues of material fact, only questions of law, and summary judgment in favor of the Plan is proper.

**E.    THE PLAN IS ENTITLED TO ITS REASONABLE ATTORNEYS' FEES AND COSTS.**

As set forth above, the Plan paid out all benefits to Plaintiff in accordance with the terms of the Plan and did not abuse its discretion. Accordingly, the Plan requests its reasonable attorneys' fees and costs for defending Plaintiff's baseless suit. Plaintiffs' entitlement to recover fees and costs is supported by ERISA §502(g)(1), 29 U.S.C. § 1132(g)(1). The Plan substantiated its request with a declaration, a detailed ledger, and a reasonable estimate of the costs to be incurred in attending the hearing on the motion for summary judgment. Declaration of Kristina Zinnen; Ex. A to Zinnen Decl. The rates sought are justified by Defendant's counsel's experience in ERISA litigation and are modest compared with those prevailing in the community.

## V.    CONCLUSION

There is no question that Plaintiff sustained significant injuries in the August 2012 accident.  Similarly, there is no question that the Plan provided Plaintiff with all of the benefits to which she was entitled under the Plan.  The Plan did not abuse its discretion in applying the 2013 SPD to make benefit determinations, or in denying coverage under the medical plan for the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

16
DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS

1    placement of crowns and abutments, or in paying the out of network oral surgeon at the 50%

2    level.  Because there was no abuse of Plan discretion, summary judgment in favor of the Plan

3    must be granted.

4
     Dated:  October 1, 2015                    WEINBERG, ROGER & ROSENFELD
5                                               A Professional Corporation

6
                                                /S/ *KRISTINA M. ZINNEN*
7                                          By:      KRISTINA M. ZINNEN

8                                               Attorneys for Defendant MOTION PICTURE
                                                INDUSTRY HEALTH PLAN FOR ACTIVE
9                                               PARTICIPANTS

10   137304/825768

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

17

DEFENDANT'S NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS
& AUTHORITIES
Case No. 3:14-cv-04268 RS